IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON SANABRIA, | : |
|     Plaintiff | : |
| | : |
| v. | :   CIVIL ACTION NO. 21-CV-3824 |
| | : |
| AT WORK GROUP, *et al.*, | : |
|     Defendants | : |

## MEMORANDUM

**PRATTER, J.**                                                                                                         **OCTOBER 7, 2021**

Plaintiff Jason Sanabria filed this action against three entities — At Work Group, Axiom Packaging, and the Bear Staffing Service Corporation.[1] He also filed a Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 5.) For the following reasons, the Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his Complaint and the Amended Complaint with leave to amend.

### I.    FACTUAL ALLEGATIONS

Mr. Sanabria's Complaint is sparse, and his handwriting is difficult to read. The Court has labored to interpret his allegations. Mr. Sanabria alleges that "Defendants abridged freedom

---

[1] Mr. Sanabria's Complaint also named the Buy Company as a defendant. However, he subsequently filed a document titled "Amended Complaint" reflecting his intent to name only At Work Group, Bear Staffing Services Corporation and Axium Packaging as defendants and to "take true blue company off Defendant list." (ECF No. 6.) It appears "true blue company" and the Buy Company are the same entity and the discrepancy stems from Mr. Sanabria's unclear handwriting. Although titled an "Amended Complaint," the document does not contain any allegations or claims. Accordingly, the Court will construe the filing alternatively as a motion to withdraw Mr. Sanabria's claims against "true blue company", identified on the docket as the Buy Company, terminate the Buy Company as a defendant in this case, and treat Mr. Sanabria's initial Complaint as the governing pleading in this case.

& right to peaceably assemble due to bases of religious belief."[2] (ECF No. 2 at 5.)[3] He provided a list of locations in Easton, Allentown, and Bethlehem, Pennsylvania and a list of dates and times in May and June of 2021, which appear to denote the times and places where the events giving rise to his claims occurred. (*Id.* at 4.) Mr. Sanabria does not describe any injuries he suffered because of the defendants' conduct.

Based on those limited allegations, Mr. Sanabria seeks to bring federal claims for violation of his constitutional rights, presumably pursuant to 42 U.S.C. § 1983. (*See id.* at 3.) Specifically, he seeks $1 million "from each Defendant due to Discrimination & first Amendment Rights." (*Id.* at 6.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Sanabria leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Sanabria's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(ii), which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, No. 20-2554, 2021 WL 3891552, at *5 (3d Cir. Sept. 1, 2021) ("'At this early stage of the litigation,'

---

[2] Mr. Sanabria wrote another, similar sentence describing his claims that the Court cannot understand, namely "[illegible] of labor [illegible] due to [illegible] information based on religious belief." (ECF No. 2 at 5.)

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

2

'[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. Because Mr. Sanabria is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

A complaint may be dismissed for failing to comply with Federal Rule of Civil Procedure 8. *Garrett v. Wexford Health*, 938 F.3d 69, 91 (3d Cir. 2019). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011). The Third Circuit Court of Appeals has explained that in determining whether a pleading meets Rule 8's "plain" statement requirement, the Court should "ask whether, liberally construed, a pleading 'identifies discrete defendants and the actions taken by these defendants' in regard to the plaintiff's claims." *Garrett*, 938 F.3d at 93 (citation omitted). A pleading may still satisfy the "plain" statement requirement "even if it is vague, repetitious, or contains extraneous information" and "even if it does not include every name, date, and location of the incidents at issue." *Id.* at 93-94. The important consideration for the Court is whether, "a pro se complaint's language . . . presents cognizable legal claims to which a defendant can respond on the merits." *Id.* at 94.

However, "a pleading that is so 'vague or ambiguous' that a defendant cannot reasonably be expected to respond to it will not satisfy Rule 8." *Id.* at 93; *see also Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant

3

on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted). Dismissals under Rule 8 are "'reserved for those cases in which the complaint so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Garrett*, 938 F.3d at 94 (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

### III. DISCUSSION

Mr. Sanabria's Complaint does not comply with Rule 8 because it lacks factual allegations that would allow the Court to understand the basis for his claims. Mr. Sanabria listed dates, times, and locations, and vaguely invoked the language of the First Amendment. He has provided no substantive allegations beyond that as to what happened to him, what his relationship is to the defendants, what each defendant did, and why he believes the defendants are liable to him. His pleading is simply too vague and ambiguous, to comply with Rule 8. Furthermore, merely alleging discrimination or claiming a constitutional violation does not state a plausible claim for relief unless there are supporting factual allegations. *See In re Energy Future Holdings Corp.*, 990 F.3d 728, 737 (3d Cir. 2021) ("Conclusory statements and recitations of the law are insufficient" to state a claim).

Even without a clear factual underpinning for his claims, it is not clear that Mr. Sanabria can state a claim under § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a "state actor" — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly

treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit Court of Appeals has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Nothing in Mr. Sanabria's Complaint explains how the defendants, all of which appear to be corporate entities, could be considered state actors for purposes of § 1983. Likewise, there are no other bases for a claim apparent from Mr. Sanabria's Complaint.

## IV. CONCLUSION

The Court will grant Mr. Sanabria leave to proceed *in forma pauperis* and dismiss his Complaint. Because Mr. Sanabria is proceeding *pro se*, and because the Court cannot conclude he is unable to state a claim due to the absence of information in his Complaint, Mr. Sanabria will be given leave to file an amended complaint within thirty (30) days in the event he can allege sufficient facts to state a claim for relief against the defendants. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows, which provides further instruction.

BY THE COURT:

_____
GENE E.K. PRATTER, J.

5